21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dirce McGEE, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary of the United States Department of
the Air Force, Defendant-Appellee.
 No. 93-6300.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Dirce McGee brought this action for employment discrimination under the Rehabilitation Act of 1973, 29 U.S.C. 701-797 ("Act"). Following a bench trial, the district court entered judgment against her. She appeals, contending that the court erred in finding that she was not a qualified handicapped person under the Act. We affirm.
 
 BACKGROUND
 
 3
 The facts are set forth in the district court's opinion. Memorandum Opinion, Appellant's App., Doc. 3 at 1-3. McGee was hired on a one-year, probationary, on-call basis as an Aircraft Mechanic Helper for the B-52 Cell Subunit at Tinker Air Force Base. Within two weeks of reporting to her assigned position in the aircraft fuel cell, she complained of headaches and rashes. Based on a statement from her private physician, she was permanently prohibited from working inside aircraft fuel cells because of her sensitivity to aircraft fuel and fumes. On August 9, 1989, she was terminated because of her inability to satisfy the conditions of her one-year probationary period which included spending significant time inside the fuel cells. Following her discharge, she worked as an aircraft mechanic for several private employers in positions which did not require exposure to aircraft fuel fumes.
 
 DISCUSSION
 
 4
 The finding that a person is not "otherwise qualified" under the Act is primarily a finding of fact. See Leckelt v. Board of Comm'rs of Hosp. Dist. No. 1, 909 F.2d 820, 827 (5th Cir.1990); Jasany v. United States Postal Service, 755 F.2d 1244, 1250 (6th Cir.1985). We review findings of fact under a clearly erroneous standard, and we review questions of law de novo. Estate of Hall v. Comm'r, 967 F.2d 1437, 1437-38 (10th Cir.1992).
 
 
 5
 Although McGee argues her generic job description "Aircraft Mechanic Helper" should apply, she does not dispute the court's finding that work in the fuel cell was 85-90% of her job function. Appellant's Br. at 4 n. 2. Rather, she seems to contend that the trial court misinterpreted the Act. According to her interpretation, if her job is limited to working in the fuel cells, then she is handicapped since her impairment prevents her from working in her job. Alternatively, she argues that the court's finding that she could still work in her chosen field as an aircraft mechanic compels the conclusion that she is an otherwise qualified handicapped individual. Appellant's Br. at 8, 10-11. Thus, she contends, she should have been reassigned to a position outside the fuel cells, even though there was no evidence that any such position was available. We disagree.
 
 
 6
 Under the Act the threshold question is whether McGee meets any of the criteria specified by 29 C.F.R.1613.702(a),(c) and (f): Is McGee handicapped, or substantially limited in a major life activity,[2] or an otherwise qualified handicapped individual? The district court found that McGee did not meet any of these criteria, and that she was terminated "solely as a result of her inability to perform the essential functions of the job for which she was hired." Memorandum Opinion, Appellant's App., Doc.3 at 5. The record amply supports these findings of fact.
 
 
 7
 As the district court properly ruled, the Act does not guarantee the specific job of one's choice. Id. (citing Daley v. Koch, 892 F.2d 212, 215 (2d Cir.1989). Rather, "[e]xclusion from a position due to an impairment that adversely affects one's ability to perform in that particular position or to meet the requirements of the position does not support a finding of discrimination on the basis of handicap." Id. at 7 (citations omitted). Since McGee failed to establish handicap discrimination, the court properly held it was unnecessary to address the question of reasonable accommodation. Id. (citing Jasany, 755 F.2d at 1250).
 
 
 8
 We AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although she cites no evidence, McGee complains that her exposure to the fuel fumes could have caused difficulty breathing and performing manual tasks, which she urges us to consider. Even if these additional maladies did exist and were substantial, we do not consider matters which were not presented to the trial court